

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS

XXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

Overruled by O-7311
insofar as it conflicts.

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin 11, Texas

Dear Sir:                           Opinion No. O-7058

Re:  Whether Colorado County may
lawfully use remitted tax money for
the purpose of buying right of ways
and maintaining levees in certain
portions of the County under the facts
submitted.

Your request for opinion has been received and carefully considered by
this department. We quote from your request as follows:

"The 47th Legislature created a flood control district in
Colorado County. The 49th Legislature passed an act remitting
one-half of the State ad valorem taxes due Colorado County
to be used in connection with flood control.

"The County Judge of Colorado County asked this department
for permission, under the above-stated law, to use this
remitted tax money due Colorado County for the purpose of
buying rights-of-way and maintaining levees in communities
within the County which contemplate voting flood control
districts. The information as given to this department is
that the districts are not county-wide, and since Colorado
County, as a whole, is a flood control district, this
department is uncertain as to the County's right to spend
the tax money for such purpose."

You have also given us the further information that the right of ways
referred to in your letter are right of ways for levees.

Article IV of House Bill 362, Acts of the 47th Legislature of Texas,
1941, created Colorado County Flood Control District and defined  its
powers. We quote from the Act as follows:

"Section 1.  Colorado County Flood Control District Created.

"There is hereby created and established within the State of Texas in addition to the districts into which the State has heretofore been divided, in the form and manner hereinafter provided, a conservation and reclamation district to be known as Colorado County Flood Control District, hereinafter called the District, and consisting of that part of the State of Texas which is known as and included within the boundaries of the County of Colorado. Such district shall be a governmental agency and body politic and corporate, with the powers of government and with the authority to exercise the rights, privileges, and functions hereinafter specified, the creation and establishment of such District being essential to the accomplishment of the purposes of Section 59 of Article XVI of the Constitution of the State of Texas, as amended, including the control, storing, preservation, and distribution of the storm and flood waters, and the waters of the rivers and streams in Colorado County and their tributaries, for domestic, municipal, flood control, irrigation, and other useful purposes, the reclamation and drainage of the overflow land of Colorado County, the conservation of forests, and to aid in the protection of navigation on the navigable waters by regulating the flood and storm waters that flow into said navigable streams.

"The Commissioners Court of Colorado County, Texas, is hereby designated as the governing body of such District and the agency through which the management and control of the District shall be administered, and it is hereby empowered to do any and all things necessary to carry out the aims and purpose of this Act.

"Sec. 2. Added Powers. In addition to the powers given to the Commissioners Court by General Laws and in addition to the general powers herein given, it shall be authorized in connection with the Colorado County Flood Control District to exercise the following added rights, powers, privileges, and functions:

"a. To acquire land and rights and interest therein and any other character of property needed to carry on the work of flood control, by gift, devise, purchase, or condemnation;

"b. To sell. trade, or otherwise dispose of land or other property or rights therein when the same are no longer needed for the project or flood control purposes;

"c. To appoint a flood control manager and such agents and employees of the County for flood control purposes as may be necessary, including an engineer and counsel, and to prescribe their duties and fix their bonds and compensation;

"d. To authorize its officers, employees, or agents to go upon any lands lying within the District for the purpose of making surveys and examining the same in connection with flood control plans and projects, and for any other lawful purpose within the scope of its authority;

"e. To devise plans and construct works to lessen and control floods; to reclaim lands in the District; to prevent the deposit of silt in navigable streams; to remove obstructions, natural or artificial, from streams and water courses; to regulate the flow of surface and flood waters; and to provide drainage where essential to the flood control project;

"f. To exercise all powers, rights, privileges, and functions conferred by general law upon flood control districts created pursuant to Section 59 of Article XVI of the Constitution of Texas, as amended, so far as the same may be applicable to Colorado County and essential to the flood control project;

"g. To cooperate with and contract with the United States of America or with any of its agencies now existing, or which may be created hereafter, for grants, loans, or advancements to carry out any of the powers or to further any of the purposes set forth in this Act and to receive and use said moneys for such purposes; or to contribute to the United States of America or any of its agencies in connection with any project undertaken by it affecting or relating to flood control in Colorado County;

"h. To cooperate with, or to contract with any agency or political subdivision of the State, or any city or town within Colorado County in relation to surveys, the acquisition of land or rights of way, the construction or maintenance of projects or parts thereof or the financing of the same in connection with any matter within the scope of this Act;

"i. To sue and be sued in any proper case under the laws of this State; and all Courts shall take judicial notice of the establishment of the said District; and

"j. To do any and all other acts or things necessary or proper to carry into effect the foregoing powers.

"* * *

"Sec. 10. Eminent Domain. The Colorado County Flood Control
District shall have the right and power of eminent domain
for the purpose of acquiring by condemnation any and all
property of any kind, real, personal, or mixed, or any interest
therein, within the boundaries of the District, necessary or
convenient to the exercise of the rights, powers, privileges,
and functions conferred upon it by this Act, in the manner
provided by General Law with respect to condemnation, or, at
the option of the Commissioners Court, in the manner provided
by Statutes relative to condemnation by districts organized
under General Law pursuant to Section 58 of Article XVI of
the Constitution of the State of Texas, as amended.

"* * *

"The Commissioners Court, in its discretion, may utilize the
tax funds donated and granted by the State of Texas for the
construction of flood control improvements and other
improvements and purposes authorized by such enactments and
the maintenance or operation thereof; or may deposit the
same in a sinking fund to pay interest on and to redeem
bonds of said District or other obligations issued for such
purposes, in the manner hereinafter provided.

"Sec. 12-b. Issuance of Bonds. The County of Colorado, Texas,
acting by and through its Commissioners Court, shall have
authority and it is hereby authorized to issue its negotiable
bonds secured by a pledge of any such taxes hereafter donated,
granted, diverted, or remitted by the State of Texas to it
or the Flood Control District created herein, and the
proceeds of the sale of such bonds may be used for purchasing
lands, easements, rights of way, structures, and for the
construction of improvements, including dams, reservoirs, and
all other works suitable for use in connection with the flood
control program and projects in said County and the maintenance
and operation thereof, and doing all things necessary to the
execution of the purposes for which the grant and donation
is made; provided, however, that the aggregate amount of bonds
to be issued shall not exceed such sum as the donation and
grant of the State taxes will service so as to pay interest
and to create a sinking fund sufficient to pay said bonds
at maturity. * * *" (Underscoring ours)

Senate Bill 77, Acts of the 49th Legislature of Texas, 1945, reads in part
as follows:

"Section 1, The Legislature finds and declares that the
recent and recurring floods in the Lavaca and Navidad
Rivers and other streams and tributaries in Jackson County

and the recent floods in the Colorado River and other streams and tributaries in Fayette County and the recent floods in the Colorado River and other streams and tributaries in Colorado County, with the consequent loss of lives and of property to the extent of many millions of dollars, and the continued threat to adjacent landowners and business of said counties, constitutes a public calamity to the State of Texas and to the people and property within the said counties.

"* * *

"(c) For a period of ten (10) years, commencing with September 1, following the adoption of this Act there is hereby donated and granted by the State of Texas to the Colorado County Flood Control District one-half ($\frac{1}{2}$)of the state ad valorem taxes collected for general revenue purposes upon the property and from persons in Colorado County, which taxes when collected shall be used by the said county for the purposes of preventing the continued public calamity, caused by great floods, and to construct im- provements to control flood waters in the said county for the protection of life, property, soil, forests, and public highways lying within the said county.

"* * *

"The Commissioners Court of each county, in their discretion, may utilize the tax funds donated and granted by the State of Texas for the construction of flood control improvements and other improvements; the maintenance and operation thereof; or may deposit the same in a sinking fund to pay interest on and to redeem the bonds of the respective flood control districts of the respective counties. . ."
(Underscoring ours)

Under the above-quoted statutes, the Commissioners Court of Colorado County, Texas, as the governing body of Colorado County Flood Control District, has wide and broad discretionary authority with respect to the construction and maintenance of improvements to control flood waters in the entire area of Colorado County, including any and all portions of such County, for the protection of life, property, soil, forests, and public highways lying within the County.

If the Commissioners' Court of Colorado County, Texas, as the governing body of Colorado County Flood Control District determines that the right of ways for levee purposes and the maintenance of the levees in question are necessary and proper for the control of flood waters in the County, it is our opinion that the remitted tax money described by you could clearly be used for such purposes under the facts stated.

This opinion, however, does not pass on the validity of the creation or organization of the contemplated flood control districts mentioned in your letter as that question is not before us.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. Fanning


By
   Wm. J. Fanning
   Assistant

WJF/JCP.T/ldw

APPROVED FEB. 5, 1946
s/ Carlos C. Ashley
First Assistant
Attorney General

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN